IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD GAMINO | § § | |
| vs. | § § | CIVIL ACTION NO. 4:13-CV-01779 |
| TRANSWESTERN AND SCHINDLER ELEVATOR CORPORATION | § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT, DEMAND FOR JURY AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now RICHARD GAMINO, "Plaintiff," complaining of TRANSWESTERN PROPERTY COMPANY SW GP, LLC and SCHINDLER ELEVATOR CORPORATION, "Defendants," and would respectfully show unto the court as follows:

**I.**

**DISCOVERY CONTROL PLAN**

Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, Plaintiff hereby asserts the above-referenced cause of action should be tried under a Level 2 Discovery Control Plan.

**II.**

**PARTIES**

Plaintiff, RICHARD GAMINO is an individual who resides in Harris County, Texas.

Defendant, TRANSWESTERN PROPERTY COMPANY SW GP, LLC, is a Foreign Limited Liability Company doing business in the State of Texas which can be served with process by and through its registered agent, CT Corporation System, 30 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.

Defendant, SCHINDLER ELEVATOR CORPORATION, is a Domestic For-Profit Corporation doing business in the State of Texas which has been served by and through its registered agent in Texas, CT Corporation System, 30 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234, and which has filed an answer herein.

### III.

### VENUE

Venue is permissible in Harris County because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.

### JURISIDCTION

The Court has personal jurisdiction over Defendants because Defendants are conducting business in Texas. The Court has subject-matter jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

### V.

### BACKGROUND

At the time of the incident made the basis of this lawsuit, Defendant Transwestern was the property management company hired to manage the building known as Four Oaks Place, 1330 Post Oak Boulevard in Houston, Texas. Defendant Schindler Elevator Corporation manufactured and maintained the elevator in question. On information and belief, both Defendants controlled the portion of the premises where the incident made the basis of this lawsuit occurred, specifically a freight elevator in a common area of the building.

On or about December 15, 2011, Richard Gamino (hereinafter "Plaintiff") sustained severe personal injuries while at his place of employment at Four Oaks Place. Specifically,

Plaintiff sustained a concussion, cervical sprain and facial contusions when the door of the freight elevator, manufactured and maintained by Defendant Schindler Elevator Corporation, malfunctioned and abruptly and forcefully closed, striking him in the head and neck and causing a loss of consciousness.

The defective condition of the elevator posed an unreasonably dangerous condition, constituting a product defect and a premises defect, resulting in an unreasonable risk of harm of which Defendants were fully aware. Plaintiff had no actual knowledge of the danger posed by the elevator prior to the incident made the basis of this lawsuit.

## VI.

## NEGLIGENCE

On the occasion in question, Defendants acted with negligence. Defendants are negligent because they breached the duty they owed to Plaintiff as an invitee pursuant to Texas law. Specifically, Defendants, by and through their employees and/or agents caused a defective condition to exist on the premises of Four Oak Place when they failed to properly inspect and maintain the elevator in question. The foregoing acts or omissions, singularly or in combination with others, constitute a breach of duty that proximately caused Plaintiff's injuries and damages.

## V.

## DAMAGES

Accordingly, Plaintiff RICHARD GAMINO respectfully requests Defendants be cited to appear, and Plaintiff have judgment against Defendants for:

1. physical pain and mental anguish in the past and in the future;

2. medical expenses necessarily incurred in the past and in the future for the treatment for Plaintiff's injuries;

3. physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future beyond the time of trial;

4. physical impairment Plaintiff has suffered in the past and will continue to suffer in the future beyond the time of trial;

5. costs of court; and

6. such other relief to which Plaintiff may be entitled.

## VI.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## VII.

## DEMAND FOR JURY

Plaintiff makes a formal demand for a jury trial in the matter discussed above. A jury fee is being paid contemporaneously with the filing of this petition.

## VIII.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that upon formal hearing, Plaintiff recover of and from Defendant his damages as alleged herein in the form of monetary relief in an amount over $200,000.00 but not more than $1,000,000.00, costs of court, prejudgment and post judgment interest as allowed by law, and all other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,
**THE BUCHANAN LAW OFFICE, P.C.**

*[signature]*

BYRON M. BUCHANAN
TBN: 00796268
2020 Southwest Freeway, Suite 222
Houston, Texas 77098
(713) 936-0783 – Telephone
(832) 203-8286 – Facsimile
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was forwarded to the counsel of record listed below, by method indicated, on this 30th day of September, 2013.

*Via Facsimile: 985-809-2001*
Brenton P. Monteleone
Christopher J. Aubert
The Aubert Law Firm
4501 Magnolia Cove Drive, Suite 201
Kingwood, Texas 77345

*[signature]*

Byron M. Buchanan